UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

JENNIFER K. HARPER,

    Plaintiff,

vs

SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida, DEPUTY
CHAD BAILEY (Badge No. 10302), individually
and DEPUTY CHRISTOPHER BRADLEY
(Badge No. 12143), individually.
_____/

## **COMPLAINT**

    The Plaintiff, Jennifer K. Harper (hereinafter "Harper"), by and through undersigned counsel sues the Defendants, Scott J. Israel, as Sheriff of Broward County, Florida (hereinafter "Sheriff Israel"), Deputy Chad Bailey (Badge No. 10302) (hereinafter "Deputy Bailey") and Deputy Christopher Bradley (Badge No. 12143) (hereinafter "Deputy Bradley"), and states:

### **Common Allegations**

    1.    This is an action for money damages in excess of $15,000, exclusive of interest and court costs, and is also brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as under concurrent state law, to redress violations by the Defendants of certain rights guaranteed to Jennifer K. Harper by the Fourth and Fourteenth Amendments to the United States Constitution.

    2.    Venue is proper in this form. This court has supplemental jurisdiction over state law claims through operation of 28 U.S.C. § 1367. With respect to the state law claims, a timely notice of tort claim was filed as to the Broward Sheriff's Office in accordance with Fla. State. § 768.28.

1

3. All conditions precedent to the filing of this action have been fulfilled or waived. More specifically, written notice of Plaintiff's state law claims was sent to the Broward Sheriff's Office pursuant to Fla. Stat. § 768.28.

4. At all times material, Plaintiff, Harper was a resident of Broward County, State of Florida.

5. At all times material, Defendant, Deputy Bailey, was acting under color of law as deputy sheriff for Sheriff Israel, as Sheriff of Broward County, Florida, and in such capacity as an agent, servant, and employee of Sheriff Israel, as Sheriff of Broward County, Florida.

6. At all times material, Defendant, Deputy Bradley, was acting under color of law as deputy sheriff for Sheriff Israel, as Sheriff of Broward County, Florida, and in such capacity as an agent, servant, and employee of Sheriff Israel, as Sheriff of Broward County, Florida.

7. Defendant, Sheriff Israel, as Sheriff of Broward County, Florida, is the Sheriff of Broward County, Florida, as organized and existing under the Constitution and laws of the State of Florida.  In this cause, Defendant, Sheriff Israel, acted through its agents, employees, and servants, including Deputy Bailey and Deputy Bradley.

8. The Plaintiff sues the Defendants Deputy Bailey and Deputy Bradley in their individual capacity.

**Factual Allegations**

9. On November 2, 2014, Plaintiff, Harper called 911 in reference to a domestic dispute involving her then husband, Laurence Rubin.

10. Deputies Bailey and Bradley arrived at the scene and made the determination that Ms. Harper should be taken into custody because the Deputies Bailey and Bradley believed that Harper was a danger to herself (i.e. "Baker Acted.")

11. In the process of taking Harper into custody, Deputy Bailey used excessive force by placing Harper in a chokehold, in violation of Broward Sheriff's Office policy.

12. Additionally, Harper's head was slammed against the table and was kicked repeatedly by the Deputies.

13. In order to cover-up their use of excessive force, Deputies Bailey and Bradley created false sworn arrest reports alleging false information for the sole purpose of wrongfully incarcerating Harper.

14. Said false sworn reports alleged that Ms. Harper bit Deputy Bailey while resisting arrest.

15. Said false sworn reports failed to mention that Deputy Bailey was illegally choking Ms. Harper.

16. Deputies Bradley and Bailey knowingly prepared a false arrest affidavit alleging the crime of Aggravated Battery on a Law Enforcement Officer.

17. Due to the false sworn reports prepared by Deputies Bailey and Bradley, Harper was incarcerated for six (6) weeks.

18. Plaintiff, Harper was incarcerated on or about November 2, 2014 through on or about December 18, 2014, approximately 46 days.

19. The State of Florida's plea offer to Harper was two (2) years state prison. This plea offer was at the insistence of Deputy Bailey.

20. A week prior to trial the State of Florida dropped its plea offer to 18 months state prison. Harper elected to go to trial.

21. On June 6, 2016 the matter of the *State of Florida vs. Jennifer K. Harper* was tried before a jury, case no. 14014725CF10A.

22.     During the trial Deputies Bailey and Bradley were questioned as to their actions and conduct during the arrest.

23.     Deputies Bailey and Bradley perjured themselves at trial by failing to acknowledge that Deputy Bailey held Harper in an illegal chokehold.

24.     In fact, the Deputies testimony at trial was that Deputy Bradley held Harper's right hand behind her back and Deputy Bailey held Harper's left hand behind her back while placing his forearm on Harper's shoulder blade as they forced her down against a table.

25.     It is at this point which both Deputies perjured themselves and testified that Harper bit Deputy Bailey on his left bicep.

26.     The Deputies testimony was a complete fabrication, and furthermore, their testimony as to how the bite occurred on Deputy Bailey's left bicep is physically impossible.

27.     Harper took the stand in her own defense and testified as to the illegal choking and beating received by the Deputies on November 2, 2014.

28.     Furthermore, Harper admitted to biting Deputy Bailey, however, the truth was that Deputy Bailey was holding Harper in an illegal chokehold, as such, using excessive force.

29.     Deputy Bailey's chokehold was strangling Harper cutting off air and blood causing her to almost pass out.

30.     In order to prevent Deputy Bailey from continuing his stranglehold and excessive force Harper was left with no choice but to bite Deputy Bailey to prevent the continuation of excessive force.

31.     Said chokehold/stranglehold, testified to by Harper, is the only possible way that Deputy Bailey could have received the bite on his left bicep.

32. Despite admitting to biting Deputy Bailey, on June 9, 2016 the jury found Harper NOT GUILTY.

33. The conduct of the Defendants, Deputy Bailey and Bradley, as set forth herein, occurred under color of state law.

## Count I
### Claim Under 42 U.S.C. § 1983 Under the Fourth Amendment
### For Excessive Force During an Arrest Against Deputy Bailey

34. Harper realleges paragraphs 1 through 33 and incorporates them herein.

35. At all times material, Deputy Bailey was acting under color of state law.

36. Deputy Bailey used excessive force against Harper by placing Harper in a chokehold/stranglehold during his attempted arrest of Harper, in violation of Broward Sheriff's Office policy.

37. Deputy Bailey knew or should have known that placing Harper in a chokehold/stranglehold in violation of Broward Sheriff's Office policy violated Harper's Fourth Amendment rights.

38. Regardless of the legality or illegality of the seizure of Harper, Deputy Bailey's excessive use of force against Harper was not objectively reasonable.

39. The use of force at the level used herein was objectively unreasonable under the circumstances.

40. All of the acts described herein deprived Harper of rights secured to her by the United States Constitution; specifically, those rights secured to Harper by the Fourth Amendment to the United States Constitution, by subjecting her to an unreasonable search and seizer and excessive use of force.

41. The actions of Deputy Bailey, as described, has forced Harper to hire the undersigned attorney and pay him a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1983.

42. As a direct result of the actions of Deputy Bailey, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Chad Bailey, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

**Count II**
**Claim Under 42 U.S.C. § 1983 Under the Fourth Amendment**
**For Excessive Force During an Arrest Against Sheriff Israel**

43. Harper realleges paragraphs 1 through 33 and incorporates them herein.

44. Deputy Bailey used excessive force against Harper by placing Harper in a chokehold/stranglehold during his attempted arrest of Harper, in violation of Broward Sheriff's Office policy.

45. The conduct of Deputy Bailey constitutes excessive force.

46. The excessive force used against Harper was committed by Deputy Bailey in the course and scope of his employment as a deputy for Sheriff Israel.

47. As a direct and proximate result of the acts described above, Harper suffered grievously, has been brought to public scandal, with great humiliation and mental suffering.

48. As a further direct and proximate result of the conduct of Sheriff Israel, Harper suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

49. The actions of Sheriff Israel, as described, has forced Harper to hire the undersigned attorney and pay him a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Scott J. Israel, as Sheriff of Broward County, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## Count III
### Claim Under 42 U.S.C. § 1983 Under the Fourth Amendment
### For False Arrest/Imprisonment Against Deputy Bailey

50. Harper realleges paragraphs 1 through 33 and incorporates them herein.

51. At all times material, Deputy Bailey was acting under color of state law.

52. Deputy Bailey prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper. Deputy Bailey perjured himself at Harper's trial by testifying falsely as described in his reports.

53. Deputy Bailey knew or should have known that preparing false and misleading arrest affidavits and reports for the purpose of falsely arresting Harper and providing perjured testimony at Harper's trial violated Harper's Fourth Amendment rights.

54. Regardless of the legality or illegality of the seizure of Harper, Deputy Bailey's false and misleading arrest affidavits and reports were not objectively reasonable.

55. Preparing false and misleading arrest affidavits and reports were objectively unreasonable under the circumstances.

56. All of the acts described herein deprived Harper of rights secured to her by the United States Constitution; specifically, those rights secured to Harper by the Fourth Amendment to the United States Constitution, by subjecting her to an unreasonable search and seizer and excessive use of force.

57. The actions of Deputy Bailey, as described, has forced Harper to hire the undersigned attorney and pay him a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1983.

58. As a direct result of the actions of Deputy Bailey, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Chad Bailey, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest,

reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## Count IV
### Claim Under 42 U.S.C. § 1983 Under the Fourth Amendment
### For False Arrest/Imprisonment Against Deputy Bradley

59. Harper realleges paragraphs 1 through 33 and incorporates them herein.

60. At all times material, Deputy Bradley was acting under color of state law.

61. Deputy Bradley prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper. Deputy Bradley perjured himself at Harper's trial by testifying falsely as described in his reports.

62. Deputy Bradley knew or should have known that preparing false and misleading arrest affidavits and reports for the purpose of falsely arresting Harper and providing perjured testimony at Harper's trial violated Harper's Fourth Amendment rights.

63. Regardless of the legality or illegality of the seizure of Harper, Deputy Bradley's false and misleading arrest affidavits and reports were not objectively reasonable.

64. Preparing false and misleading arrest affidavits and reports were objectively unreasonable under the circumstances.

65. All of the acts described herein deprived Harper of rights secured to her by the United States Constitution; specifically, those rights secured to Harper by the Fourth Amendment to the United States Constitution, by subjecting her to an unreasonable search and seizer and excessive use of force.

66. The actions of Deputy Bradley, as described, has forced Harper to hire the undersigned attorney and pay him a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1983.

67. As a direct result of the actions of Deputy Bradley, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Christopher Bradley, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

**Count V**
**Claim Under 42 U.S.C. § 1983 Under the Fourth Amendment**
**For False Arrest/Imprisonment Against Sheriff Israel**

68. Harper realleges paragraphs 1 through 33 and incorporates them herein.

69. Deputy Bailey Bradley prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper, and furthermore, perjured themselves at Harper's trial.

70. The conduct of Deputy Bailey and Bradley constitutes false arrest/imprisonment.

71. The false arrest/imprisonment suffered by Harper was committed by Deputy Bailey and Bradley in the course and scope of their employment as a deputies for Sheriff Israel.

72. As a direct and proximate result of the acts described above, Harper suffered grievously, has been brought to public scandal, with great humiliation and mental suffering.

73.     As a further direct and proximate result of the conduct of Sheriff Israel, Harper suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

74.     The actions of Sheriff Israel, as described, has forced Harper to hire the undersigned attorney and pay him a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1983.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Scott J. Israel, as Sheriff of Broward County, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## Count VI
## Claim Under State Law for Battery
## Against Deputy Bailey

75.     Harper realleges paragraphs 1 through 33 and incorporates them herein.

76.     Deputy Bailey used excessive force against Harper by placing Harper in a chokehold/stranglehold during his attempted arrest of Harper, in violation of Broward Sheriff's Office policy.

77.     The conduct of Deputy Bailey constitutes excessive force.

78.     The excessive force used against Harper was committed by Deputy Bailey in the course and scope of his employment as a deputy for Sheriff Israel.

79. Deputy Bailey did intentionally cause harm to Harper by placing her in a chokehold/stranglehold.

80. Deputy Bailey did intentionally desire to cause Harper to fear physical harm.

81. The actions were undertaken in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Harper's rights, safety, or property.

82. As a direct result of the actions of Deputy Bailey, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution.  Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Chad Bailey, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### Count VII
### Claim Under State Law for Battery
### Against Sheriff Israel

83. Harper realleges paragraphs 1 through 33 and incorporates them herein.

84. Deputy Bailey used excessive force against Harper by placing Harper in a chokehold/stranglehold during his attempted arrest of Harper, in violation of Broward Sheriff's Office policy.

85. The conduct of Deputy Bailey constitutes excessive force.

86. The excessive force used against Harper was committed by Deputy Bailey in the course and scope of his employment as a deputy for Sheriff Israel. The actions of Deputy Bailey constituted an unwarranted battery upon Harper.

87. Sheriff Israel is liable pursuant to Section 768.28, Florida Statutes, for the actions of Deputy Bailey.

88. As a further direct and proximate result of the conduct of Sheriff Israel, Harper suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Scott J. Israel, as Sheriff of Broward County, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### Count VIII
### Claim Under State Law for
### False Arrest/Imprisonment Against Deputy Bailey

89. Harper realleges paragraphs 1 through 33 and incorporates them herein.

90. At all times material, Deputy Bailey was acting under color of state law.

91. Deputy Bailey prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper. Deputy Bailey perjured himself at Harper's trial by testifying falsely as described in his reports.

92. Deputy Bailey knew or should have known that preparing false and misleading arrest affidavits and reports for the purpose of falsely arresting Harper and providing perjured testimony at Harper's trial violated Harper's Fourth Amendment rights.

93. Regardless of the legality or illegality of the seizure of Harper, Deputy Bailey's false and misleading arrest affidavits and reports were not objectively reasonable.

94. Preparing false and misleading arrest affidavits and reports were objectively unreasonable under the circumstances.

95. These actions were undertaken in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Harper's rights, safety, or property.

96. As a direct result of the actions of Deputy Bailey, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Chad Bailey, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### Count IX
### Claim Under State Law for
### False Arrest/Imprisonment Against Deputy Bradley

97. Harper realleges paragraphs 1 through 33 and incorporates them herein.

98. At all times material, Deputy Bradley was acting under color of state law.

99.     Deputy Bradley prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper.  Deputy Bradley perjured himself at Harper's trial by testifying falsely as described in his reports.

100.    Deputy Bradley knew or should have known that preparing false and misleading arrest affidavits and reports for the purpose of falsely arresting Harper and providing perjured testimony at Harper's trial violated Harper's Fourth Amendment rights.

101.    Regardless of the legality or illegality of the seizure of Harper, Deputy Bradley's false and misleading arrest affidavits and reports were not objectively reasonable.

102.    Preparing false and misleading arrest affidavits and reports were objectively unreasonable under the circumstances.

103.    These actions were undertaken in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Harper's rights, safety, or property.

104.    As a direct result of the actions of Deputy Bradley, Harper suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution.  Those losses are either permanent or continuing.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Deputy Christopher Bradley, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## Count X
## Claim Under State Law for
## False Arrest/Imprisonment Against Sheriff Israel

105. Harper realleges paragraphs 1 through 33 and incorporates them herein.

106. Deputies Bailey and Bradley prepared false and misleading arrest affidavits and reports for the purpose of falsely arresting and imprisoning Harper. The deputies actions also included perjured testimony at Harper's trial.

107. The conduct of Deputy Bailey and Bradley constitutes false arrest/imprisonment.

108. The false arrest/imprisonment suffered by Harper was committed by Deputy Bailey and Bradley in the course and scope of their employment as a deputies for Sheriff Israel.

109. As a direct and proximate result of the acts described above, Harper suffered grievously, has been brought to public scandal, with great humiliation and mental suffering.

110. As a further direct and proximate result of the conduct of Sheriff Israel, Harper suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, and depravation of rights secured to her by under the United States Constitution. Those losses are either permanent or continuing.

111. The false arrest/imprisonment against Harper was committed by Deputies Bailey and Bradley in the course and scope of their employment as a deputies for Sheriff Israel. The actions of Deputy Bailey and Bradley constituted a false arrest/imprisonment upon Harper.

112. Sheriff Israel is liable pursuant to Section 768.28, Florida Statutes, for the actions of Deputy Bailey.

WHEREFORE, the Plaintiff Jennifer K. Harper, demands judgment against Scott J. Israel, as Sheriff of Broward County, for compensatory damages, economic and non-economic damages, including but not limited to damages for emotional distress and pain and suffering,

damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

Respectfully submitted this 5th day of June, 2018,

                                   **LAW OFFICE OF RICK YABOR, P.A.**
                                   10689 North Kendall Drive
                                   Suite 321
                                   Miami, FL 33176
                                   Tel: (786) 773-3105
                                   Email: rick.yabor@yaborlaw.com

                                   BY:   /s/ Rick Yabor
                                   **RICK L. YABOR**.
                                   Florida Bar No: 191019